[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION RE: MOTION FOR CLARIFICATION OF RETIREMENT FUND DIVISION
A dissolution of marriage was granted after trial on October 4, 2000. The dissolution followed a marriage of some 18 years during which the parties had one minor child. During the trial of this matter, each of the parties testified and called witnesses with respect to the marriage, its breakdown and a number of financial issues.
As contained in the judgment, the defendant is engaged in the running of a business which he has held for quite some time. The division of the assets of the parties was addressed in some detail. The division of the assets was involved due to their amount, nature, and the fact that a substantial number of assets had been owned by the defendant prior to the marriage. The assets consisted primarily of a business, investment real estate properties, residence and vacation homes, and cash as well as personal property of the parties.
In attempting to distribute the assets of the parties in an equitable fashion, the court considered not only the nature of the assets, but when and how they had been acquired as well as their appreciation during the course of the marriage of the parties. In the judgment, the defendant retained a substantial number of the assets of the parties based primarily upon the fact that he was possessed of many of them prior to the marriage. In addition, his contribution to the appreciation and acquisition of those assets was substantial. At the same time, pursuant to the provisions of C.G.S. § 46b-82, the court considered the age, health, station and occupation of each of the parties, their income and sources, as well as the estate and needs of the parties.
In reviewing the extensive notes taken during the trial of this matter by the court, and the notes made by the court subsequently in forming its opinion and preparing its decision, the court finds that it used the "present value" system of evaluation in arriving at its decision and the awards made. (Krafick v. Krafick, 234 Conn. 783 (1995). In so doing, the court contemplated specific amounts from a number of assets held individually or jointly by the parties. In reviewing its decision, the court awarded to the plaintiff the sum of $65,000 from a certificate of CT Page 15941-ln deposit, $35,000 from cash value of life insurance policies, and $45,000 from a financial account held by the parties. Those amounts were ordered paid from accounts which had values greater than the actual amount awarded to the plaintiff. By distinction, in awarding the provident mutual annuity account, the court awarded the plaintiff the sum of $49,392 "or whatever the full balance of that account is in excess of the aforementioned sum." The differences in those methods of awards, as well as the notes made by the court in reaching its decision indicate that specific amounts were to be transferred from those accounts, as opposed to percentages or proportions of those accounts. The court's intent, at the time the judgment was entered, was that the specific sum of $275,000 be conveyed to the plaintiff by the defendant from the Guilford Funeral Home Money Purchase Plan. The court did not intend that it be a proportionate share or a specific share of the overall value of that account which at the time of the dissolution was approximately $840,460.00.
Robaina, J.